DocuSign Envelope ID: 8F392748-E5D5-4288-A76C-DA588C75C477

Thomas H. Allen, State Bar #11160
David B. Nelson, State Bar #34100
**ALLEN BARNES & JONES, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: tallen@allenbarneslaw.com
dnelson@allenbarneslaw.com

Prospective Counsel for Debtor

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| LONESOME VALLEY BREWING, INC., | Case No. 3:22-bk-05747-BKM |
| Debtor. | **DECLARATION OF JOANNE COLE IN SUPPORT OF FIRST DAY MOTIONS** |

I, Joanne Cole, am over 18 years of age and, if called to testify, could and would testify truthfully to the facts stated in this Declaration in support of the 1) *Motion for Entry of Interim and Final Orders (i) Authorizing the Debtor's Use of Cash, and (ii) Granting Replacement Liens* [ECF No. 9] ("**Cash Collateral Motion**"), 2) *Motion for Interim and Final Orders Authorizing Payment and Performance of Employee-Related Claims* [ECF No. 10] ("**Wage Motion**"), and 3) *Application to Employ Counsel for the Debtor* [ECF No. 7] (collectively, the "**First Day Motions**") filed by Lonesome Valley Brewing, Inc. ("**Debtor**").

1. I am the Debtor's Chief Financial Officer and manage the Debtor's day-to-day operations with the assistance of the Debtor's management team.

2. I am the Debtor's representative in this bankruptcy case ("**Case**").

3. After reviewing other possible candidates, I wish to hire Allen Barnes & Jones, PLC ("**AB&J**") to represent the Debtor in this Case due in part to AB&J's experience with similar reorganizations and general bankruptcy matters.

DocuSign Envelope ID: 8F392748-E5D5-4288-A76C-DA588C75C477

4. To the best of my knowledge, AB&J does not have any connection to the Debtor's creditors or other parties-in-interest in the Case and represents no adverse interest to the Debtor.

5. Prior August 29, 2022 ("**Petition Date**"), the Debtor provided AB&J with a retainer of $8,500. I understand that, prior to the Petition Date, AB&J applied $4,543.50 to pre-petition fees and costs, including the Debtor's filing fees.

6. The Debtor operates two restaurant/bar locations in Arizona: a craft brewery in Prescott Valley ("**Brewery**"); and a pub in Prescott ("**Pub**").

7. As of the Petition Date, the Debtor employed 24 people (collectively, the "**Employees**," and each an "**Employee**"). It does not employee any independent contractors. Out of the Employees, 3 Employees are salaried while the rest are paid hourly. As of this Declaration, the Debtor still employs all the Employees

8. I have calculated the amount of pre-petition wages owed to Employees as $20,521.68 as detailed in Exhibit A to the Wage Motion.

9. The Debtor's next payroll for the Pub Employees is scheduled for August 31, 2022. This payroll will include the pay period between August 12, 2022 to August 25, 2022. The Debtor's September 14, 2022 payroll will cover the Pub Employees' remaining pre-petition pay period, i.e. August 26, 2022 to the Petition Date. The Brewery Employees' entire pre-petition pay period will be paid on September 7, 2022, if approved by the Court.

10. The Debtor offers state-required accrued sick leave to its Employees.

11. As of the Petition Date, the Debtor held approximately $1,000 in cash-on-hand. The Debtor additionally had an estimated $5,556.25 in deposit accounts. Lastly, as of the Petition Date, the Debtor believes it had approximately $7,000 in pending proceeds from unprocessed credit card transactions.

/ / /

12. I am aware of the following creditors or representative of creditors that have or may assert an interest in the Debtor's accounts and receivables: Arizona Department of Revenue; Greenbox Capital/Merchant Capital Group, LLC; Holloway Funding Group/ Adam Wines Consulting, LLC; IOU Central Inc.; United States Small Business Administration; DMKA, LLC; Corporation Service Company; First Corporate Solutions; and AMA Recovery Group, LLC.

13. To the best of my knowledge, no creditor has a perfected security interest or control over the Debtor's deposit accounts or cash.

14. I have prepared a budget of expected expenses through September 30, 2022 detailed in Exhibit A to the Cash Collateral Motion. I believe that the expenses contained in the budget are necessary to the Debtor's successful operation. By continuing to operate within the Budget, I believe the Debtor can generate positive cash flow through September 30, 2022.

15. The First Day Motions are appropriate and necessary to facilitate a smooth transition into this Chapter 11 bankruptcy proceeding without major disruption to the Debtor's operations and practices.

16. To my knowledge, The First Day Motions do not prejudice any creditor or the Debtor's bankruptcy estate, and in fact, are in the best interest of all parties to this case.

I have read the foregoing, and know that the statements contained herein are true and correct to the best of my knowledge, with the exception of those matters made on information and belief and those matters I believe to be true.

DATED: August 30, 2022.

*Joanne Cole*
09EA7A591A1C476
Joanne Cole, Chief Financial Officer

///

///

DocuSign Envelope ID: 8F392748-E5D5-4288-A76C-DA588C75C477

1 **E-FILED** on August  30 , 2022 with the
U.S. Bankruptcy Court and copies served
2 via ECF notice on all parties that have
appeared in the case.
3

4 */s/ Sherry Gomez*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26